UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN LEE WOODS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12469** |
| **ST. TAMMANY PARISH JAIL, ET AL.** | **SECTION "T"(4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) (Rec. Doc. No. 9)** filed by the defendants, St. Tammany Parish Jail, Jan Smith, and Jessica Chatelain, seeking dismissal of plaintiff's complaint for failure to exhaust administrative remedies under state and federal law, and failure to state a claim for which relief can be granted.

The motion and underlying matter were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915, and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.      Factual and Procedural Background**

When this complaint was filed, the plaintiff, John Lee Woods, was convicted inmate housed in the St. Tammany Parish Jail in Covington, Louisiana.[1] Woods filed this *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983 against the defendants, St. Tammany Parish Jail, Corporal Jan Smith, and Lieutenant Jessica Chatelain alleging that he was denied adequate outdoor recreation time.

---

[1]Rec. Doc. No. 1 (Deficient Complaint); Rec. Doc. No. 3 (Complaint).

In his complaint, Woods alleges that he was transferred to the St. Tammany Parish Jail on April 8, 2019.[2] He claims he was allowed three hours of recreation time (per week) during the first two months he was there. However, after being assigned as a trustee in late June, he was given no outdoor recreation time through the month of July and into early August.

He claims that on August 14, 2019, he filed an administrative grievance complaint through the jail's administrative remedy procedure ("ARP") in which he complained about the lack of outdoor recreation time. On August 16, 2019, defendant Corporal Smith, who is the Warden's administrative assistant and ARP screening officer, responded to his complaint.[3] In the response rejecting his complaint, Corporal Smith advised Woods that he failed to use the proper complaint form for accessing the ARP process. In addition, Corporal Smith also indicated that, per the recreation supervisor, Lieutenant Chatelain, inclement weather, the heat index, and staffing limited recreation time.

Woods asserts that, after this grievance complaint, he was allowed thirty-minutes of recreation time each day on August 17 and 18, 2019, and then it stopped again. He also claims that he previously had filed other grievance complaints in the same manner (by letter) and had never been told that he had to use a form. As relief, Woods requests $3,500 as compensation, $1.5 million in punitive damages, and three hours of recreation time per week.

## II.     **Defendants' Motion to Dismiss (Rec. Doc. No. 9)**

In support of their motion, defendants assert that Woods's complaint should be dismissed under 22 La. Admin. Code Pt I, 325 and 42 U.S.C. § 1997e(a) because plaintiff failed to exhaust

---

[2]Rec. Doc. No. 3-2, p. 2 (Exhibit B).
[3]Rec. Doc. No. 3-2, p. 1. He claims he received the response on August 20, 2019.

administrative remedies at the prison before filing his complaint.[4] The defendants also assert that the St. Tammany Parish Jail is not a proper defendant and defendants Smith and Chatelain are entitled to qualified immunity. Woods has not filed an opposition to defendants' motion.

### III.   Standards of Review

#### A.   Frivolousness Review

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly

---

[4]Rec. Doc. Nos. 9, 9-1.

baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

      B.      <u>**Motions Under Fed. R. Civ. P. 12(b)(6)**</u>

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint if it fails to state a claim upon which relief may be granted.  To survive a motion to dismiss, the plaintiff must plead in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff.  *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted).  Moreover, "'[f]actual allegations must be enough to raise a right to relief above the speculative level,'" and "[t]he plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Guidry*, 512 F.3d 177, 180 (5th Cir. 2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 570).  The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

To determine whether a complaint states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  Thus, as stated

above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570). For a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. *See Id*.

Furthermore, in *Taylor v. Gibson*, 529 F.2d 709 (5th Cir. 1976), the Fifth Circuit explained that before dismissing the complaint of a *pro se* prisoner, "[a]n opportunity should be provided [to] the prisoner to develop his case at least to the point where any merit it contains is brought to light." *Id.*, 529 F.2d at 713-14. Because of this, before dismissing a prisoner complaint, a district court ordinarily should give the *pro se* litigant an opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *accord Bruce v. Little*, 568 F. App'x 283, 285 (5th Cir. 2014).

## IV. Frivolousness Review

### A. St. Tammany Jail

Woods named the St. Tammany Parish Jail as a defendant because that is where he was housed when he allegedly was denied recreation time. However, the jail itself is not a proper defendant, and the claims against it must be dismissed as frivolous.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights under color of law. 42 U.S.C. § 1983; *see Will v. Mich. Dep't of St. Police*, 491 U.S. 58 (1989). Under federal law, a county or parish prison facility simply is not recognized as a "person" within the meaning of the statute. *Douglas v. Gusman*, 567 F. Supp.2d 877, 892 (E.D. La. 2008) (Order adopting Report and Recommendation) (citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973)); *Cullen v. DuPage County*, No. 99-1296, 1999 WL 1212570,

at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97-0420, 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).

In addition, a parish prison is not a proper defendant because it lacks capacity to sue or be sued as required by Fed. R. Civ. P. 17(b). An entity's capacity to be sued is determined by reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). Although the Louisiana courts have not ruled on the issue of whether a parish jail is a suable entity, this Court must look to Louisiana law to determine if a jail can itself be sued.

To possess such a capacity under Louisiana law, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. In Louisiana, jail facilities are not "legally empowered to do" anything independently of either the respective parish officials or the parish sheriff. *See Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994). This Court also has held that "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas*, 567 F. Supp.2d at 892. In other words, a parish jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F. Supp.2d 606, 613 (E.D. La. 1998) (dismissing with prejudice the St. Tammany Parish Jail as an improper defendant); *see also Kerr v. Orleans Parish Sheriff's Office Prison*, No. 15-0746, 2015 WL 4755174 (E.D. La. Aug. 10, 2015).

For these reasons, the St. Tammany Parish Jail is not a person or suable entity to be held liable under § 1983. The claims against the St. Tammany Jail are frivolous and otherwise fail to state a claim for which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

### B.   Inadequate ARP Response

Broadly construing his claims, Woods complains that Corporal Smith and Lieutenant Chatelain are liable to him under § 1983 because they inadequately responded to his grievance complaint. The claim is frivolous.

It is well settled that a prisoner does not have a constitutional right to an effective grievance procedure, and he has no due process liberty interest in having his grievances resolved to his satisfaction. *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (citing *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005)). In other words, there is no constitutional guarantee that the inmate will receive a response from or be satisfied with the responses by the prison officials. *See Wilcox v. Johnson,* 85 F.3d 630, 1996 WL 253868 at *1 (6th Cir. May 13, 1996) (Table, Text in Westlaw); *see also Lijadu v. INS*, No. 06-0518, 2007 WL 837285, at *3 (W.D. La. Feb. 21, 2007) ("[D]etainees 'do not have a constitutionally protected right to a grievance procedure' - much less one that complies with their own personal preferences."). Woods's dissatisfaction with the response he received is insufficient to state a § 1983 claim against the defendants.

This claim is frivolous and otherwise fails to state a claim for which relief can be granted and should be dismissed pursuant to § 1915, § 1915A, and § 1997e.

### C.   Recreation Opportunity

Woods complains that he has been denied adequate outdoor recreation opportunities during extended periods during his confinement in St. Tammany Parish Jail between the beginning of

July through filing of this suit in September 2019.  He concedes that he was told that the recreation opportunities were effected by inclement weather, the heat index, and staffing limitations.  For the following reasons, his claim is frivolous.

The Fifth Circuit has held that neither convicted prisoners nor pretrial detainees have a per se constitutional right to outdoor exercise or recreation.  *See Lewis v. Smith*, 277 F.3d 1373, 2001 WL 1485821, at *1 (5th Cir. 2001) (Table, Text in Westlaw); *Callicut v. Panola County Jail*, 200 F.3d 816, 1999 WL 1095663, at *3 (5th Cir. 1999) (Table, Text in Westlaw); *Jones v. Diamond*, 594 F.2d 997, 1013 (5th Cir. 1979).  Prison conditions like this may be "restrictive and even harsh" without violating an inmate's Eighth Amendment rights.  *See Rhodes v. Chapman*, 452 U.S. 337, 447 (1981).  For the denial of recreation to violate the Eighth Amendment, the plaintiff must show: "(1) that prison officials failed to provide him with adequate exercise opportunities; and (2) that prison officials acted with deliberate indifference to a substantial risk of harm to his health and safety." *Lewis*, 2001 WL 1485821, at *1 (internal citations omitted); *Hewitt v. Henderson*, 271 F. App'x 426, 428 (5th Cir.2008) (citations omitted) (emphasis added).

Thus, "what is constitutionally required . . . is that [the prisoner] not be confined for long periods without the opportunity for regular physical exercise," whether it be indoor or outdoor. *Lewis*, 2001 WL 1485821, at *1 (citing *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir. 1982), *amended in part, vacated in part on other grounds*, 688 F.2d 266 (5th Cir. 1982)).  The prisoner must establish the indifference to and the existence of a health hazard under the specific circumstances involved.  *Tucker v. Gusman*, No. 15-1811, 2015 WL 6869564, at *12 (E.D. La. Nov. 9, 2015).

Woods has not alleged the type of deprivation or health hazard necessary to assert a constitutional violation arising from the limited outdoor recreational opportunities at St. Tammany

Parish Jail. Woods simply alleges that he was unable to go outdoors for recreation. He does not allege any health ramifications or that the denial itself was deliberate indifference. Instead, as he concedes, the denial was limited by prison officials only because of legitimate reasons of weather conditions, extreme heat, and jail staffing. Woods's allegations fall far short of establishing an Eighth Amendment violation. Woods's § 1983 claim is frivolous and/or for failure to state a claim pursuant to § 1915, § 1915(e), § 1915A, and § 1997e.

## V.     Defendants' Motion to Dismiss

The Court has resolved on its statutory review that Wood's complaint can be dismissed as frivolous for the reasons provided above rendering moot the substantive arguments in defendants' motion. The Court notes that defendants also assert that Woods failed to exhaust administrative remedies as required under state law and by 42 U.S.C. § 1997e(a).[5] *Porter v. Nussle*, 534 U.S. 516, 524 & 532 (2002) (exhaustion is "mandatory" and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001); *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The defendants are reminded that exhaustion is an affirmative defense on which the defendants bear the burden of proof. *See, e.g.*, *Abbott v. Babin*, 587 F. App'x 116, 118 (5th Cir. 2014) ("When defendants seek to avail themselves of the affirmative defense of failure to exhaust, they bear the burden of showing that administrative remedies were not exhausted."); *Morgan v. Tex. Dep't of Crim. Just.*, 537 F. App'x 502, 508 (5th Cir. 2013); *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). For an exhaustion argument to succeed under Rule 12 review, a plaintiff must

---

[5]In relevant part, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

generally concede in his complaint that administrative remedies were in fact available and that he simply did not utilize them. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (dismissal for failure to state a claim predicated on a failure to exhaust is appropriate "if the complaint itself makes clear that the prisoner failed to exhaust."). That is not the case here where Woods contends he did utilize the grievance process to no avail.

Furthermore, the defendants have provided no information whatsoever regarding the specifics of the applicable grievance process, such as the steps involved in the process and the procedure for internal review. This leaves their argument woefully deficient to prove failure to exhaust. Even if they had included supporting materials, matters outside of the pleadings would not be proper on consideration of a Rule 12(b)(6) motion. This is why such matters are best presented at an appropriate time in a properly supported motion for summary judgment. *Coleman v. Terrebonne Parish Crim. Just. Complex*, No. 13-4325, 2013 WL 6004051, at *2 (E.D. La. Nov. 13, 2013) ("it is easy work to establish that dismissal is appropriate pursuant § 1997e(a) in the context of a properly supported motion for summary judgment under Rule 56 . . .").

Nevertheless, because the Court has determined in its statutory review that Woods's claims are frivolous, the defendants' motion should be dismissed as moot.

## VI. Recommendation

It is therefore **RECOMMENDED** that the **Motion to Dismiss (Rec. Doc. No. 9)** filed by defendants St. Tammany Parish Jail, Corporal Jan Smith, and Lieutenant Jessica Chatelain be **DISMISSED WITHOUT PREJUDICE** as moot.

It is further **RECOMMENDED** that John Lee Woods's § 1983 claims against the defendants, St. Tammany Parish Jail, Corporal Jan Smith, and Lieutenant Jessica Chatelain, be

**DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[6]

New Orleans, Louisiana, this __14th____ day of July, 2020.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[6]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.